**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JERMAINE DION WASHINGTON,<br>Plaintiff,<br>v.<br>SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, et al.,<br>Defendants. | No. 2:26-CV-3097-ICD-P<br><br>ORDER |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's complaint, ECF No. 1.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1), now Fed. R. Civ. P. 8(d)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

To survive screening, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. Because Plaintiff is proceeding pro se, however, the Court construes the complaint liberally and affords Plaintiff the benefit of any doubt. See Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010).

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff Jermaine Dion Washington, a prisoner proceeding pro se, filed the complaint on September 10, 2026, asserting claims against Defendants Jim Cooper, Matthew Owens, and the Sacramento County Sheriff's Department. ECF No. 1 at 1–2. Plaintiff asserts three claims: (1) his dietary accommodations have been unmet, violating the Eighth and Fourteenth Amendments; (2) his conditions of confinement are uninhabitable under the Eighth and Fourteenth Amendments; and (3) the management of the Sacramento County Main Jail and the Rio Cosumnes Correctional Center breached an implied warranty of sanitary habitability owed to inmates under the Eighth and Fourteenth Amendments.

For his first claim, Plaintiff alleges that his dietary accommodations have been unmet, resulting in missed meals, excessively delayed meals, servings of food to which he is allergic, and unrefrigerated food, which caused food poisoning, in violation of the Eighth and Fourteenth Amendments. ECF No. 1 at 3. He states that being forced to eat food to which he is allergic and episodes of food poisoning have led to daily malnutrition and suicidal thoughts. Id.

Plaintiff next claims that his conditions of confinement violate the Eighth and Fourteenth Amendments. Id. at 7. Plaintiff contends that, during a heat wave, he had no cold water or functioning ventilation, and limited toiletries. Id. He states that administrators reassigned him to a new cell with the same issues and that he noted faucets with black water, a dilapidated air conditioning system, and general uncleanliness, including infestations of all manner of vermin. Id. He states that jail management, under Defendant Owens, disregarded his complaints. Id. As to his injuries, Plaintiff alleges that an infected bite from vermin required extensive medical attention, and the general conditions of confinement led to mental deterioration and discomfort.

Id.

For his third claim, Plaintiff alleges that the management of the Sacramento County Main Jail and the Rio Cosumnes Correctional Center violated an implied warranty of sanitary habitability owed to inmates under their custodial confinement, violating the Eighth and Fourteenth Amendments. ECF No. 1 at 10. Plaintiff reiterates the unsanitary conditions, including poor bedding, neglected ventilation systems, inadequate weatherproofing, vermin infestations, showers used as urinals, and accumulated waste. Id. He states that exposure to vermin and unsanitary conditions could cause illness. Id.

## II. DISCUSSION

The Court addresses Plaintiff's claims in three steps. First, the Court considers whether Plaintiff has linked each named Defendant to the alleged deprivations, including whether the Sacramento County Sheriff's Department, a municipal entity, may be held liable and whether Plaintiff may sue Defendants Cooper and Owens in their official capacities. Second, the Court identifies the constitutional standards that govern Plaintiff's claims and explains why it need not decide at this stage whether Plaintiff was a convicted prisoner or a pretrial detainee. Third, the Court discusses each of Plaintiff's three claims: his claim regarding meals and dietary accommodations; his claim regarding the heat, water, ventilation, sanitation, and vermin at the jail; and his claim for breach of an implied warranty of habitability. As explained below, the complaint states a cognizable claim against Defendant Owens, in his individual capacity, based on the physical conditions of Plaintiff's confinement, but it does not otherwise state any other cognizable claim.

### A. Causal Connection

Supervisory personnel are generally not liable under § 1983 for the actions of their employees. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no respondeat superior liability under § 1983). A supervisor is only liable for the constitutional violations of subordinates if the supervisor participated in or directed the violations. See id. Supervisory personnel who implement a policy so deficient that the policy itself is a repudiation of constitutional rights and the moving force behind a constitutional violation may be liable even

where such personnel do not overtly participate in the offensive act. See Redman v. Cnty. of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc). A supervisory defendant may also be liable where he or she knew of constitutional violations but failed to act to prevent them. See Taylor, 880 F.2d at 1045; see also Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011).

When a defendant holds a supervisory position, the causal link between such defendant and the claimed constitutional violation must be specifically alleged. See Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient. See Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009).

Here, Plaintiff sues Defendant Jim Cooper, the Sacramento County Sheriff, and Defendant Matthew Owens, the Chief Deputy of Correctional Services for the Sacramento County Main Jail and the Rio Cosumnes Correctional Center. He alleges that their overall management of the jail and correctional center led to the denial of his dietary accommodations and to intolerable conditions of confinement. He does not allege that these deprivations resulted from an official policy or custom, that Cooper or Owens singled him out, or that Cooper made any particular decision that deprived him of his constitutional rights. He does allege that Defendant Owens received his complaints on the condition of his confinement and that Defendant Owens disregarded his complaints. Liberally construed, this alleged failure to take corrective action despite notice supports a causal connection between Defendant Owens and the alleged deprivations relating to the physical conditions of Plaintiff's confinement. See Starr, 652 F.3d at 1207; Taylor, 880 F.2d at 1045. Plaintiff does not, however, allege that he complained to Defendant Owens about his meals or dietary accommodations, or that Defendant Owens was otherwise aware of those problems. As to Defendant Cooper, Plaintiff alleges nothing beyond his position as Sheriff, which is not enough. See Iqbal, 556 U.S. at 677. For any claim to proceed against Defendant Cooper, Plaintiff must allege facts showing that Defendant Cooper personally participated in, directed, or knew of and failed to prevent the alleged violations, or that he

implemented a constitutionally deficient policy.

**B. Municipal Liability**

Plaintiff also names the Sacramento County Sheriff's Department. A local governmental entity may not be held liable under § 1983 for an injury inflicted solely by its employees or agents; it is responsible only when "execution of a government's policy or custom . . . inflicts the injury." Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978); see also id. at 691 (no respondeat superior liability). To state such a claim, a plaintiff must allege facts showing "(1) that [the plaintiff] possessed a constitutional right of which [he] was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and, (4) that the policy is the moving force behind the constitutional violation." Dougherty v. City of Covina, 654 F.3d 892, 900 (9th Cir. 2011) (internal quotation marks omitted). Plaintiff does not identify any policy, custom, or practice of the Sheriff's Department that caused the conditions he describes, and the complaint therefore states no cognizable claim against the Sheriff's Department.

**C. Constitutional Standards**

Plaintiff invokes both the Eighth and Fourteenth Amendments in asserting his conditions-of-confinement claims, and the complaint does not make clear whether Plaintiff was a convicted prisoner or a pretrial detainee during the events at issue. The Eighth Amendment's prohibition on cruel and unusual punishment governs claims by convicted prisoners, while claims by pretrial detainees arise under the Due Process Clause of the Fourteenth Amendment, under which "a detainee may not be punished prior to an adjudication of guilt in accordance with due process of law." Bell v. Wolfish, 441 U.S. 520, 535 & n.16 (1979).

The Ninth Circuit evaluates a pretrial detainee's claims regarding the conditions of confinement and medical care under an objective deliberate indifference standard. See Gordon v. Cnty. of Orange, 888 F.3d 1118, 1124–25 (9th Cir. 2018); Castro v. Cnty. of Los Angeles, 833 F.3d 1060, 1070–71 (9th Cir. 2016) (en banc). Under that standard, the detainee must show that "(i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious

harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries." Gordon, 888 F.3d at 1124–25. The defendant's conduct must be objectively unreasonable, which requires "more than negligence but less than subjective intent—something akin to reckless disregard." Castro, 833 F.3d at 1071.

Because the objective standard that applies to pretrial detainees does not require proof of the defendant's subjective awareness, allegations sufficient to state a claim under the Eighth Amendment also suffice under the Fourteenth Amendment. The Court therefore analyzes Plaintiff's claims under the Eighth Amendment; the result would be the same under the Fourteenth Amendment. In any amended complaint, Plaintiff should state whether he was a pretrial detainee or a convicted prisoner at the time of the events alleged.

The treatment a prisoner receives in prison, and the conditions under which the prisoner is confined, are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment. See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994). The Eighth Amendment "... embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102 (1976). Conditions of confinement may, however, be harsh and restrictive. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Nonetheless, prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986), abrogated in part on other grounds by Sandin v. Conner, 515 U.S. 472 (1995). A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted with deliberate indifference to inmate health or safety. See Farmer, 511 U.S. at 834. Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable state of mind." See id. A prison official is deliberately indifferent only if the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts

from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837. A factfinder may conclude that an official knew of a substantial risk from the very fact that the risk was obvious. See id. at 842.

1. Nutritional and Dietary Accommodations

The Eighth Amendment "requires only that prisoners receive food that is adequate to maintain health." Foster v. Runnels, 554 F.3d 807, 813 (9th Cir. 2009) (quoting LeMaire v. Maass, 12 F.3d 1444, 1456 (9th Cir. 1993)). The repeated denial of meals can satisfy the objective component; in Foster, the denial of sixteen meals over twenty-three days was a sufficiently serious deprivation. Id. at 812–13. "The sustained deprivation of food can be cruel and unusual punishment when it results in pain without any penological purpose." Id. at 814.

Plaintiff's allegations that he has missed meals, received meals after excessive delays, been served food to which he is allergic despite a dietary accommodation, and been served unrefrigerated food that caused food poisoning and malnutrition may describe a sufficiently serious deprivation if these problems occurred with sufficient frequency and over a sufficient period. See id. at 812–13. The complaint, however, does not state how often or over what period these problems occurred. More fundamentally, it does not link them to any named Defendant. Plaintiff does not allege that Defendant Cooper or Defendant Owens was responsible for his meals or dietary accommodations, knew that Plaintiff was missing meals or being served food to which he is allergic, or failed to act on a complaint about his food. See Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Nor does Plaintiff allege that these problems resulted from a policy or custom of the Sheriff's Department. See Monell, 436 U.S.at 694. Plaintiff's nutrition claim is therefore not cognizable as pleaded. If Plaintiff amends, he should identify the person or persons responsible for each deprivation, describe what each person did or failed to do, and state approximately how often and over what period the deprivations occurred.

2. Heat, Water, Ventilation, Sanitation, and Vermin

Plaintiff alleges that, during a heat wave, he had no cold water, working ventilation, or adequate toiletries; that the faucets in his cells ran black water; that the air conditioning did not work; and that his cells were unclean and infested with vermin. ECF No. 1 at 7. Accepted as true,

these allegations describe conditions serious enough to deny Plaintiff "the minimal civilized measure of life's necessities." Farmer, 511 U.S. at 834 (quoting Rhodes, 452 U.S. at 347). See also Keenan v. Hall, 83 F.3d 1083, 1091 (9th Cir. 1996) (inadequate ventilation that undermines inmate health, and denial of basic hygiene supplies, can violate the Eighth Amendment).

As to the subjective component, Plaintiff alleges that he complained about these conditions, that Defendant Owens disregarded his complaints, and that he was moved to another cell with the same problems. ECF No. 1 at 7. Liberally construed, these allegations support an inference that Defendant Owens knew of and disregarded an excessive risk to Plaintiff's health and safety. See Farmer, 511 U.S. at 837, 842. Because they satisfy the Eighth Amendment's subjective standard, the allegations also suffice under the objective standard that applies if Plaintiff was a pretrial detainee. See Gordon, 888 F.3d at 1124–25. Plaintiff also alleges resulting harm, including an infected vermin bite that required extensive medical attention. ECF No. 1 at 7. Plaintiff therefore states a cognizable conditions-of-confinement claim against Defendant Owens. For the reasons discussed above, he does not state such a claim against Defendant Cooper or the Sheriff's Department.

**D. Implied Covenant of Sanitary Habitability**

Plaintiff's third claim alleges that Defendants Cooper and Owens violated the implied warranty of sanitary habitability, and that this warranty was violated by the conditions of confinement that were described above. The implied warranty of habitability is a doctrine of California landlord-tenant law, under which "a residential landlord covenants that premises he leases for living quarters will be maintained in a habitable state for the duration of the lease." Green v. Superior Court, 10 Cal. 3d 616, 637 (1974). It is not a federal right, and § 1983 provides a remedy only for violations of federal law. See Galen v. County of Los Angeles, 477 F.3d 652, 662 (9th Cir. 2007). Plaintiff does not allege that he occupies the jail under a lease, and he identifies no authority extending the warranty to persons held in custody. Plaintiff's third claim therefore does not state a cognizable claim under § 1983 as an independent claim. The factual allegations underlying this claim (poor bedding, neglected ventilation, inadequate weatherproofing, vermin, showers used as urinals, and accumulated waste) are, however, properly

considered as part of Plaintiff's conditions-of-confinement claims discussed above.

## III. CONCLUSION

The complaint states a cognizable claim against Defendant Owens, in his individual capacity, based on the heat, lack of cold water and working ventilation, lack of sanitation, and vermin infestations to which Plaintiff alleges he was subjected. The complaint does not state any other cognizable claim, including any claim against Defendant Cooper or the Sacramento County Sheriff's Department, any claim based on Plaintiff's meals and dietary accommodations, or any independent claim for breach of an implied warranty of habitability.

Because the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the prior complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Therefore, if Plaintiff amends the complaint, the Court cannot refer to the prior pleading to make Plaintiff's amended complaint complete. See E.D. Cal. L.R. 220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. The complaint must allege in specific terms how each named defendant is involved and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Because the complaint appears to otherwise state a cognizable claim, if no amended complaint is filed within the time allowed, the Court will issue findings and recommendations that the claims identified herein as defective be dismissed, as well as such further orders as are necessary for service of process as to the cognizable claim.

///

///

///

Accordingly, IT IS HEREBY ORDERED that Plaintiff may file a first amended complaint within 30 days of the date of service of this order.

Dated: October 1, 2026

ILA C. DEISS
UNITED STATES MAGISTRATE JUDGE